SECOND DEPARTMENT, JUNE, 1923.

LILLIAN VALENTINE LAPLACE and MARY K. McGILL, Respondents, *v.* EDWARD
H. RUEHL, JR., Appellant, Impleaded with HUGH McINNES, Defendant.

*Deeds — restrictive covenants — action to restrain defendants from completing and
maintaining private garage — restrictive covenant in favor of all lots in one parcel
did not apply specifically to garages — said covenant, which was drawn in 1902,
is broad enough to cover garages — plaintiffs not denied relief because other garages
have been erected on restricted property — building of garage violates covenant —
neighborhood has not materially changed so as to authorize construction of garage —
injunction granted.*

Appeal by the defendant, Edward H. Ruehl, Jr., from a judgment of the
Supreme Court in favor of the plaintiffs, entered in the Westchester county
clerk's office September 7, 1922, upon the decision of the court rendered after a
trial at the New York Special Term.

Judgment unanimously affirmed, with costs, upon the opinion of Mr. Justice
Seeger at Special Term.   Present — Kelly, P. J., Jaycox, Manning, Young and
Kapper, JJ.

The following is the opinion delivered at Special Term:

SEEGER, J.: This is an action for an injunction to restrain the defendant
Edward H. Ruehl, Jr., from completing and maintaining a private garage upon
his premises situate in the city of New Rochelle, N. Y., on the westerly side of
Alpha place.   The plaintiffs severally own lots adjoining the lands of said defend-
ant on either side.   Plaintiff McGill owns lot No. 26 on map of lands of Charles
O. LeCount and Charles W. Harman, the defendant owns lot No. 27 on said map,
and plaintiff LaPlace owns lot No. 28 on said map.   LeCount and Harman
caused said map to be filed on April 1, 1902, in the office of the register of the
county of Westchester, and sold all the lots in question and nearly all the lands
on the map subject to certain restrictions, whereby the grantees, their heirs and
assigns covenanted with the grantors that neither the grantees, their heirs and
assigns " shall or will at any time hereafter build, erect, maintain or keep, or
permit to be built, erected, maintained or kept on said land, any barn, stable,
cow house, cow or other shed or pen, piggery, hennery, horse, cattle or barn-yard,
privy, warehouse, store or shop, or any structure or enclosure of any kind what-
ever, excepting a dwelling house, and the yard, lawn or garden of a dwelling house,
and the fences surrounding the same  *  *  *." And it is further covenanted
that all the foregoing covenants shall run with the land and shall be inserted in
all future conveyances of said premises.   There were forty lots on the map in
question.   All but three of these lots were sold subject to the same restriction.
These three, being lots Nos. 16, 17 and 18, were sold with restrictions permitting
a barn, greenhouse or hennery.   Other garages have been built upon this same
subdivision, but none on the same side of Alpha place.   These garages are not
situated so as to be of sufficient annoyance to the plaintiffs to induce them to
bring actions to enjoin their maintenance; at any rate so far as the evidence shows
no such actions are pending.   The garage in question, however, is situated
directly adjoining the property of the plaintiffs and is quite a prominent structure

located among lawns and gardens and somewhat interferes with the view of the gardens on the block and plaintiffs claim to be annoyed thereby. There can be no question that the building of the garage violates the restrictive covenants. While in 1902, when the restrictions were drafted, garages were not contemplated, the language of the restrictions is very broad and comprehensive and plainly forbids the building and maintenance of any structure or inclosure whatever, except a dwelling house, and the yard, lawn or garden of a dwelling house, and fences surrounding the same. There was no such material change in the neighborhood as to authorize the defendant to build a garage without plaintiffs' consent and acquiescence. The plaintiffs are not estopped from maintaining this action because there are other garages on the restricted property. They may ignore inoffensive violations of the restrictions and still restrain others that are offensive to them. (*Chesebro* v. *Moers*, 233 N. Y. 75; *Rowland* v. *Miller*, 139 id. 93.) The exception to the general restrictions in favor of the three lots hereinbefore mentioned, allowing a barn, greenhouse or hennery does not invalidate the restrictions in question. (*Beach* v. *Jenkins*, 174 App. Div. 813; *Davidson* v. *Dunham*, 159 id. 207.) The plaintiffs are, therefore, entitled to judgment for the injunction restraining the erection and maintenance of the garage and for the removal thereof. So ordered, with costs. Settle findings on notice.