JOHN I. D. BRISTOL, Respondent, v. KENNETH N. WOODWARD and LILLIAN A. WOODWARD, and THE ELEVEN EIGHTY-ONE SECOND AVENUE CORPORATION, Appellants, Impleaded with LAWYERS WESTCHESTER MORTGAGE AND TITLE COMPANY, SMITH MERRITT and ISABEL L. MERRITT, HERMINIE W. CRAMER and EFFIE A. BRISTOL, Respondents.— Judgment in so far as appealed from reversed upon the law and the facts, with costs to appellants, and judgment directed in appellants' favor, with costs, declaring that the real property situated in Greeley Park subdivision is subject to a restriction against subdivision in lots of less than one-half acre and to the other restrictions contained in the deed of plaintiff to Farnham, and that plaintiff and the defendants Merritt be enjoined from selling or subdividing their property in said Greeley Park in lots of less than one-half acre. The undisputed evidence in this case shows that at the time of the deed

to Farnham, plaintiff intended to restrict the Greeley Park subdivision of his property in accordance with a uniform plan, so as to prevent subdivision of that property in plots of less than one-half acre, and the restrictions contained in that deed were in conformity with that plan. The restrictions in the deeds to appellants to one-acre plots were made because the title to a portion of the property so conveyed was derived by plaintiff through deeds containing such a restriction. This exception did not, however, destroy the uniform plan theretofore adopted, and plaintiff and his subsequent grantees are bound by the restriction to subdivision of the property into lots of not less than one-half acre. (See *Korn* v. *Campbell*, 192 N. Y. 490; *La Place* v. *Ruehl*, 206 App. Div. 761.) These restrictions are of record, and do not result from any parol representations alleged to have been made to appellants. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions to support this decision will be made. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur. Settle order on notice.